John P. McKeever Chairman Canal Authority of the State of Florida Ocala
QUESTIONS:
1. Is the Canal Authority of the State of Florida a `state agency or subdivision' for the purposes of an within the scope of s.768.28, F. S.?
2. Are officers, employees, or agents of the Canal Authority within the scope of s. 768.28(9), F. S.?
SUMMARY:
The Canal Authority of the State of Florida is within the definitional purview and enacting terms of s. 768.28, F. S. Thus, the statutorily established monetary limitations on tort liability established by s. 768.28(5) are applicable to the Canal Authority. The officers, employees, and agents of the Canal Authority are within the scope of s. 768.28(9).
As your questions are interrelated, they will be answered together.
With the enactment of s. 768.28, F. S. (Ch. 73-313, Laws of Florida, as amended by Chs. 74-235 and 77-86, Laws of Florida), the state has waived sovereign immunity from liability for torts for the state `and for its agencies or subdivisions,' to the extent specified therein. Section 768.28(1). This waiver of immunity for the state and its agencies or subdivisions is limited to $50,000 on any claim or judgment by one person or $100,000 for all claims arising out of the same incident or occurrence. Section768.28(5). In addition, s. 768.28(9) states:
 No officer, employee, or agent of the state or its subdivisions shall be held personally liable in tort for any injuries or damages suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose of in a manner exhibiting wanton and willful disregard of human rights, safety, or property. Subject to the monetary limitations set forth in subsection (5), the state shall pay any monetary judgment which is rendered in a civil action personally against an officer, employee, or agent of the state which arises as a result of any act, event, or omission of action within the scope of his employment or function.
 The phrase `state agencies or subdivisions' is defined by s. 768.28(2), F. S., to include:
 . . . the executive departments, the legislature, the judicial branch, and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities.
The Canal Authority of the State of Florida is created under s. 374.011, F. S., as a `body corporate' under the superivsion of the Department of Natural Resources. Section 374.031, F. S., provides that the `management of the corporation shall be vested in a board of directors consisting of five members to be appointed by the Governor.' Pursuant to part I of Ch. 374, F. S., the Canal Authority has broad powers that include, but are not limited to, the power to make contracts; to sue and be sued; to lease, levy, acquire, hold, and dispose of real and personal property; to employ and dismiss employees; to incur obligations of indebtedness; to condemn property; to acquire state lands; to exact tolls; and to prescribe, amend, and repeal bylaws, rules, and regulations governing the manner in which its business is conducted.
This office has previously expressed the view that the Canal Authority is a public corporation of the state, and that its officers and employees are state officers and employees. Attorney General Opinion 062-160. Moreover, pursuant to the Governmental Reorganization Act of 1969, Ch. 69-106, Laws of Florida, s. 20.25(6), F. S., the Canal Authority was transferred to the Department of Natural Resources by a `type one' transfer. Section20.06(1), F. S., states that a `type one transfer'
 . . . is the transferring intact of an existing agency or of an existing agency with certain identifiable programs, activities, or functions transferred or abolished so that the agency becomes a unit of a department. Any agency transferred to a department by a type one transfer shall henceforth exercise its powers, duties, and functions as prescribed by law, subject to review and approval by, and under the direct supervision of, the head of the department.
See also AGO 079-12 (employees of the Canal Authority are eligible to participate in the state officers and employees group insurance program); AGO 078-166 (`the Canal Authority is a unit of, and a part of, the Department of Natural Resources and its directors are `officers' of the executive branch of state government.'); AGO 074-17 (Canal Authority is a unit of state government and not a unit of local government within the purview of the Local Government Financial Management and Reporting Act).
Accordingly, I am of the view that the Canal Authority is a `state agency or subdivision' within the definitional purview of s.768.28, F. S. Therefore, its officers, employees, and agents are within the purview of s. 768.28(9).
Prepared by:
Patricia R. Gleason Assistant Attorney General